Johnson, J.
By the statute of 8 & 9 Wm. 3, P. L. Appendix, 15, 16, which is made of force in this State, it is provided that if any person, taken in execution and committed to prison, shall escape from it by any means whatever, the creditor or creditors at whose suit such prisoner was charged in execution, at the time of his escape, *shall or may retake such prisoner, by any new capias ad satisfaciendum, or sue forth any other kind of execution, as if the body of such prisoner had never been taken in execution ; so that if the complainant had actually escaped from the prison, the case would have been precisely that provided for by the statute. He had, however, been admitted to the prison rules, on giving bond conformably to the act usually called the prison bounds’ act; and the question is, whether, having escaped from the prison rules, the provisions of the statute apply. The confinement of a party in execution to the prison rules, is a restraint upon his personal liberty, and is but a mitigated form of imprisonment, and that idea is clearly expressed in the preamble to the prison bounds’ act, (P. L. 456,) wherein it is recited, “that humanity requires that the confinement of persons on civil process should be less rigorous than heretofore;” and the remedy provided, is, that upon giving security to the sheriff, that he will not go without certain prescribed bounds, he shall not be confined within the walls of the prison ; indeed all the provisions of the act tend to show, that he is considered as being in confinement and in the custody of the law. Thus if he fail to render a schedule of his effects agreeably to the tenor of his bond; if he be seen without the prison rules; if he shall have spent more than two shillings and six pence per day, or shall have fraud *98 ulently sold, conveyed, or assigned his estate ; he shall not be any longer entitled to the rules. He is then in confinement, and the prison rules instead of the walls constitute his prison, and if he escape therefrom, it is an escape from prison within the meaning of the statute.
The second ground of the motion, assumes that the plaintiff is entitled to no other remedy than that provided by the prison bounds’ act — to proceed to retake him, or against his securities for the bounds, or if they be insufficient, against the sheriff.
There is no clause in the act repealing the statute, nor is there any repugnance which would operate as a virtual repeal; on the contrary, they are entirely consistent: according to the statute, if one in execution escaPe fr°m prison, the plaintiff* may retake him by a new capias, or sue out any other form of execution; according to the act, he may retake him, or sue the sureties, or the sheriff. The one (the statute) providing a general remedy, the other (the act) providing for the particular case, and both must stand.
We therefore concur with the Chancellor, and his decree is affirmed.
O’Neall, J., concurred.
Harper, J., absent.

Quœre.—Ought not the fact of the escape to be ascertained in some judicial form before the issuing of the fi.fa.? See Aiken v. Moore, 1 Hill’s Rep. 432.